# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| ALVIN JUNKERSFIELD, | * |
| Plaintiff, | * |
| vs. | * |
| | * No. 3:09-cv-00112-JJV |
| MICHAEL J. ASTRUE, Commissioner, | * |
| Social Security Administration, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Alvin Junkersfield, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. Both parties have submitted appeal briefs.[1] Attached to Plaintiff's brief are some 81 pages of Veterans Administration medical records pertaining to Plaintiff. (Doc. No. 15). Those records are the subject of controversy.

Defendant moved to strike Plaintiff's brief because it contained those 81 pages of evidence that were not a part of the administrative record. (Doc. No. 16). This Court cannot consider evidence that was not presented at the administrative level. 42 U.S.C. § 405(g) (1988); *Delrosa v. Sullivan*, 922 F.2d 480, 483 (8th Cir. 1991). Plaintiff contends that the disputed evidence (and more records) were submitted to Disability Determination Services in August of 2006 but, for reasons unknown, did not become a part of the administrative record in this case. (Doc. No. 18). At the same time, Plaintiff filed a motion to remand this case pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the evidence in question. (Doc. No. 20).

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g) (1995).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Doc. No. 5).

1

The disputed evidence ranges in date from September 26, 2001, through January 10, 2005. Plaintiff was last insured for the purposes of Title II December 31, 2001. (Tr. 20). In order to receive Disability Insurance benefits, an applicant must establish that he was disabled before the expiration of his insured status. 42 U.S.C. §§ 416(I), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990).

First, Defendant argues that Plaintiff's attorney should have brought to the ALJ's attention at the administrative hearing the fact that these records were not a part of the administrative file. (Doc. No. 23, p. 2). The ALJ did not ask Plaintiff's attorney if the file was complete; he asked only if he had any objections to the exhibits. (Tr. 20). Plaintiff did bring to the ALJ's attention the existence of those records. The hearing was held December 16, 2008. (Tr. 18). On January 2, 2009, Plaintiff submitted to the ALJ an 18-page chronological summary of Plaintiff's treatment by the Veterans Administration from April, 1999, to July, 2008, including the closing months of 2001, while Plaintiff was still insured for the purposes of Title II. (Tr. 47-65). The ALJ's decision is dated February 26, 2009.[2] (Tr. 17).

The most important issue concerning the evidence in issue is whether it reflects upon whether Plaintiff was disabled on or prior to the date Plaintiff was last insured. A psychiatric consult on October 3, 2001, reflects:

> He is currently undergoing testing for PTSD. He states he is self-referred because he had been treated by the Little Rock VA and realized that after he stopped taking his medications that he really needed them. He was on Trazadone[3] and Nefazodone.[4]

(Doc. No. 21, p. 76). His Axis I diagnosis was posttraumatic stress disorder. *Id*. at 77.

---

[2] Curiously, Defendant complains that Plaintiff did not submit this summary until "almost two months" after the administrative hearing and "only about a month" before the ALJ's decision. (Doc. No. 23, p. 2). Although Defendant's calculations are incorrect, Plaintiff's submission of the summary of the disputed evidence a month before the ALJ's hearing is clearly time enough to put the ALJ on notice of the existence of these documents.

[3] Trazodone hydrochloride is an antidepressant that used to be sold under the brand name Desyrel. Physicians' Desk Reference 539 (53d ed. 1999).

[4] Nefazodone hydrochloride is an antidepressant. Physicians' Desk Reference 1018 (55th ed. 2001).

On December 12, 2001, he described daily flashbacks to Vietnam and depression. *Id.* at 68. He was taking trazadone and Nefazodone. *Id.* at 69. His Axis I diagnosis was posttraumatic stress disorder. *Id.* Thus, there is some evidence that, prior to the expiration date of his insured status, Plaintiff was suffering from posttraumatic stress disorder and/or other mental impairments that were "severe." If they were "severe," that would undermine the ALJ's reliance on the Medical-Vocational Guidelines. (Tr. 16).

It is also worth noting that, as the Court of Appeals observed in *Pyland v. Apfel*, 149 F.3d at 878:

> . . . evidence concerning ailments outside of the relevant time period can support or elucidate the severity of a condition. *See Fowler*, 866 F.2d at 252; *Martonik*, 773 F.2d at 240-41. However, evidence outside the relevant time period cannot serve as the only support for the disability claim. Such a holding would be contrary to the Social Security Act, 42 U.S.C. §§ 416(I), 423(c), which requires proof of disability during the time for which it is claimed.

Plaintiff's Motion to Remand (Doc. No. 20) is hereby granted. This case is hereby remanded to the Commissioner to consider the evidence in question which is material to a determination of Plaintiff's disability. All other pending motions are hereby rendered moot. This is a "sentence six" remand. The Clerk is directed to administratively close this file.

IT IS SO ORDERED.

DATED this <u>24th</u> day of June, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE